There is no ne-
cessity for a
*scire facias* to
revive a judg-
ment in foreign
attachment.

COOKSON and WADDINGTON *against* TURNER.

THIS was a foreign attachment, in which judgment was entered at *March* term 1797. A writ of inquiry was executed in *February* last, when damages were assessed at 2808 dollars; and a motion was now made to set aside the inquisition, upon the ground that the judgment had not been revived by *scire facias post annum et diem.*

*Meredith* and *Rawle* in support of the motion. The sta-tute of 13 *Ed.* 1. *c.* 45., requires a *scire facias* in all judg-ments in personal actions; and the plaintiff cannot have a writ of inquiry after more than a year's delay upon an inter-locutory judgment, without it. *Haw* v. *Cuton*, 6 *Bac. Ab.* 107., *Scire Facias C.* As the present attachment was laid in the plaintiffs' hands, it was against equity in them to proceed without giving us notice.

*Dallas* and *Tilghman* contra. The rule of reviving a judg-ment by *scire facias* before execution, was intended to pre-vent a surprise upon the defendant; *Mitchell* v. *Cue*; (a) and therefore it does not apply to the case of a foreign attach-ment, which is a proceeding against an absentee, who if he were present, would not be permitted to give evidence to the jury of inquiry, *M'Clenachan* v. *M'Carty*; (b) and whose debt to the plaintiff, the garnishee is not permitted to dis-pute. A writ of *scire facias* would answer no purpose, be-cause there is nobody to warn.

PER CURIAM. We are of opinion that the case of a foreign attachment differs from other actions. The defendant never was in court; and as there is no person to be warned, a *scire facias* is not necessary.

Motion refused.

(a) 2 *Burr.* 660.                    (b) 1 *Dall.* 375.