## Odenheimer *against* Stokes.

5 WS 175
26 SC 435

The District Court of the city and county of Philadelphia had power to establish the 1st and 2d rules of February 19th 1842, requiring a defendant by his affidavit, to deny the execution of the instrument on which the suit was brought, and in suits by or against partners, to deny the existence of the partnership, or otherwise the plaintiff need not prove them on the trial.

THIS was an action brought by Stokes and others against Odenheimer, Shaw & Co. on a promissory note purporting to be drawn by the defendants, of whom John W. Odenheimer alone was served with the writ, and filed the following affidavit of defence:

" John W. Odenheimer being duly affirmed, says that he has a good defence to the whole of the plaintiff's demand in the above action, the nature and character of which is as follows: That the note filed in this cause, was given without the knowledge or consent of this deponent; that it was not given for or upon account of the firm of Odenheimer, Shaw & Company, and the proceeds of the said note did not come to the use of the said firm of Odendenheimer, Shaw & Co., nor was there ever any business transaction between the said plaintiffs and Odenheimer, Shaw & Co. on account of which the said note could have been given, but a settlement was made between the said plaintiffs and Odenheimer, Shaw & Co. by this affirmant, after the date of the said note upon which this suit is brought, of a debt due the firm of Odenheimer, Shaw & Co., which was settled or compromised, and the amount so agreed upon and settled between the parties, was paid by the said plaintiffs to the said defendants, and neither at that time nor at any other time was mention made to this affirmant of the note on which this suit was brought, or of any other note due from the said firm of Odenheimer, Shaw & Co. to the said plaintiffs."

The plaintiffs offered in evidence a writing purporting to be a promissory note drawn by Odenheimer, Shaw & Co. in favour of the plaintiffs, to which the defendants objected, but the Judge overruled the objection, on the ground that the rules of court, Nos. 1 and 2 dispensed with such proof, and admitted the paper to be read, and the defendant excepted.

The rules of court referred to are the following:

1. In all actions brought in this court upon any deed, bond, bill, note or other instrument of writing, a copy of which shall have been filed within two weeks from the return day to which the action is brought, it shall not be necessary for the plaintiff on the trial to prove the execution thereof, but the same shall be taken to

[Odenheimer v. Stokes.]

be admitted, unless the defendant by affidavit filed at or before the time of filing his plea, shall have denied that such deed, bond, bill, note or other instrument of writing was executed by him.

2. In all actions by or against partners, it shall not be necessary for the plaintiff on the trial to prove the partnership, but the same shall be taken to be admitted as alleged on the record, unless one or more of the defendants shall, at or before the time of filing their plea, make and file an affidavit denying the existence of the partnership as alleged, and stating to the best of his or their knowledge or belief, whether there is any partnership in relation to the subject matter of the action, and who are parties to it.

*Meredith* and *Randall*, for the plaintiff in error, insisted that the District Court had no power to make such a rule. It does not regulate practice but changes the law of evidence. Their authority is derived from the 6th section of the Act of 11th March 1836, and that does not extend beyond the pleadings. They referred to the decisions to show that what this court had hitherto sanctioned, fell short of the present case. *Dubois* v. *Turner*, (4 Yeates, 361); *Barry* v. *Randolph*, (3 *Binn.* 277); *Vanatta* v. *Anderson*, (3 *Binn.* 417); *Boas* v. *Nagle*, (3 *Serg. & Rawle*, 250); *Snyder* v. *Bachman*, (8 *Serg. & Rawle*, 336); *Reist* v. *Heilbrenner*, (11 *Serg. & Rawle*, 131). If we advert to the English rules of court, we find an authority given to the courts by Act of 3 and 4 *W.* 2, *sect.* 15, which is not given in our Act of Assembly, and that is to make regulations as to the admission of written documents. Before that, the neglecting or refusing on summons before a Judge to admit handwriting only subjected the party to costs. 3 *Chitt. Gen. Prac.* 32, 62, 817. It is an invasion of the right of a defendant to a cross-examination of a witness to the instrument, with the view of showing the transaction. A person who admits a fact, has a right to attach to it all that is connected with the transaction. It is a further and serious objection, that no provision is contained in the rules for allowing to the defendant an inspection of the original document. They also referred to 5 *Pet. S. C. Rep.* 233, where it was held that a Circuit Court has no right by rule of court to alter the law of evidence.

They also contended, that the defendant had in effect denied that the note was executed by him, which is enough if he only is arrested. He could not positively swear as to the handwriting of partners.

*F. W. Hubbell*, contra.

All the objections now made were brought forward in the former cases, especially in *Vanatta* v. *Anderson*, and overruled. It was there held that it was not enough to suggest that there might be some inconveniences, and that the courts had the power to make rules requiring an affidavit of defence, even without the

[Odenheimer v. Stokes.]

special authority of an Act of Assembly: and this court will not, unless in extraordinary cases, interfere with their interpretation and enforcement of their own rules. The cases of *Boas* v. *Nagle,* and *Reist* v. *Heilbrenner,* were determined on the ground, that the rules in question conflicted with an Act of Assembly: but that is not the case here. Innumerable judgments have been entered on rules requiring affidavits of defence, and substantially the power exercised is the same in this instance as there. The Act cited of 11th March 1836, sec. 6, gives authority to the District Court by general rules and orders to make regulations as to the time and manner and the forms and effect of pleadings; and this rule does no more, in saying that the plea shall not be considered as denying the signature, unless the defendant makes the affidavit. In the same manner the 69th of these rules alters and abridges the effect of the plea of *non-assumpsit.* The Act of 16th June 1836 gives the District Court the powers necessary to the discovery of facts, and this rule is one mode of exercising that power: it is calling on the defendant to discover facts. If the party desires inspection of the original, he may call for it; the plaintiff's attorney has the original always in his possession when suit is commenced. The power exercised by the court under these rules is essential to justice and necessary to prevent premeditated delays and frivolous objections, as well as needless expense. The affidavit system originated here and has been followed elsewhere, and the objection was waived by the defendant's going on to trial and examining witnesses.

As to the last suggestion, the affidavit, so far from denying, admits the execution by the other partners at least. The denial under the rule must be simple and positive—handwriting or not. Here it is an equivocation; it was given without his consent; which may mean merely that it was put in circulation.

The opinion of the Court was delivered by

SERGEANT, J.—The distinction between a rule of court which tends to alter the law of evidence, and one which is established merely for the regulation of practice, is strikingly illustrated in the two cases on this subject decided in the Supreme Court of the United States. In *Doe* v. *Wenn,* (5 *Pet. S. C. Rep.* 233), it was held that the Circuit Court could not by rule of court change the right of a party to introduce secondary proof of a writing alleged to be lost; and therefore a rule requiring the oath of the party, in addition to the usual proof, was invalid. But in *Mills* v. *The Bank of the United States,* (11 *Wheat.* 431), it was determined that the court might make a rule dispensing with proof of a bond, note, &c., unless the defendant filed with his plea an affidavit denying the execution of the instrument; and that is the case now before us. The reasons given for this decision by Mr. Justice STORY are satisfactory and conclusive. The object of such rule is to prevent

v.—23

unnecessary expense, and useless delays or objections, often frivolous. It does not interfere with the rules of evidence. It does not take away the right to demand proof of execution, but only requires the party to give notice by affidavit that he means to contest the fact. Not doing so is a waiver of objection.

It was decided in that case to fall within the power to regulate the practice for the advancement of justice, and especially, to that end, to prevent delays in the proceedings. Under the same general power given to the courts by Act of Assembly, it was held by this court, in *Vanatta* v. *Anderson*, (3 *Binn.* 417), a case warmly contested, that the court might require of the defendant an affidavit of defence, and direct judgment to be entered if it were not filed within sufficient time. It appears to me that the power exercised in the present case by no means goes as far as that exercised in *Vanatta* v. *Anderson*.

It is impossible, however, to look at our legal history, especially that portion of it which concerns the organization and practice of the District Court of the city and county of Philadelphia, without perceiving that a change has been deemed by the Legislature necessary for the despatch of business and prevention of those delays which attended the former system of pleading, and something of a chancery power to exact a defendant's oath infused into the proceedings. For that purpose the District Court has been invested with authority to enter summary judgments, without pleadings, unless the defendant files an affidavit setting forth the nature of his defence; which power has been gradually extended to other cases and to this court, and has now become one of the most important features of the present practice. In addition to this, the Act of 11th March 1836, § 6, gives authority to make rules by an express provision conferring peculiar powers. The District Court is empowered to make such alterations and regulations in respect to the time and manner of pleading, and the form and effect of pleadings, and the verification and amendment thereof, and the variances occurring between the cause or causes of action alleged, and the evidence offered in support thereof, and such rules for carrying the same into effect by staying proceedings, payment of costs, *or otherwise*, as shall be conducive to fairness, economy and despatch, in the trial of such actions. This seems to confer the power to require of a party pleading, that he shall give notice by affidavit of his intention to contest the fact of the signature of the instrument declared on, or otherwise he shall be deemed to have waived the objection. That such a rule contributes eminently to fairness, economy and despatch, we think is evident, and it does no injury to the defendant simply to require that he shall not by his silence put the plaintiff to the trouble and expense of proving a thing which he never meant to contest.

As to the argument that the instrument not being filed, it was not in the defendant's power to inspect it, or ascertain whether it

[Odenheimer v. Stokes.]

was his signature, the court below could and no doubt would give relief by compelling it, if refused.   There may possibly be occasional inconvenience from the rule, (and what rule is there that may not have this effect in extreme cases?) but that in the main it is a useful and necessary rule, and within the power of the court, we have no doubt; and that its controlling power would, generally speaking, be competent to afford a remedy in extraordinary cases.

We are also of opinion that the second rule of court relating to suits against partners, falls within the same principles.

Judgment affirmed.