EARL H. ROBERTS *vs.* J. ELLIS WHITE, Adm'r.

JANUARY 16, 1911.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Rules of Court. Putting Plaintiff on Proof of Capacity of Defendant.*

Where a defendant had failed to give notice to the plaintiff, under the provisions of rule 18 of the Superior Court, to put him upon proof of the character and capacity of the defendant, who was sued as "administrator with

the will annexed," a motion for direction of a verdict, on the ground that plaintiff had not proved the appointment of the defendant as administrator, was properly denied.

Even without such rule, in the absence of a special plea, the representative capacity of defendant would be deemed to be admitted.

(2)    *Presentation of Claims in Probate Court. Bills and Notes. Variance.*

In an action upon promissory note, declaration averred that, after decease of intestate, plaintiff "presented said note and his claim thereon to the defendant" (administrator), while the proof showed that the claim was filed in the office of the clerk of the Probate Court:—

*Held,* that, as the law required that the claim be filed in the Probate Court within a certain time, as a preliminary step to its allowance or to suit thereon in case of disallowance, the declaration was demurrable, although amendable, but as defendant neither demurred nor objected to the evidence offered by plaintiff, and proper presentation of the claim according to law was proved, the defendant could not, on exceptions to direction of verdict for plaintiff, object on the ground of variance.

ASSUMPSIT. Heard on exceptions of defendant, and overruled.

PARKHURST, J. This is an action on a promissory note for $100.00, given to the plaintiff by one William E. Newell, December 3rd, 1906, and said action is brought against the administrator of said Newell. The case was tried in the Superior Court before a jury on April 13th, 1910, and at the close of the plaintiff's case the defendant requested the court to direct a verdict for the defendant, on the ground that it had not been legally proven that the defendant was the administrator of Mr. Newell's estate. The motion was denied, and exception taken thereto; and, the defendant not offering any evidence, the court thereupon directed the jury to return a verdict for the plaintiff in the sum of $120.00, and the defendant excepted thereto. The defendant thereafter duly proceeded to file his bill of exceptions, and has duly prosecuted the same to this court.

The exceptions relied upon, as set out in the bill of exceptions, are:

(1) To the ruling of the court in refusing to direct a verdict for the defendant.

(2)   To the ruling of the court in directing a verdict for the plaintiff.

(1)   The defendant had failed to give notice to the plaintiff, to put him upon proof of the character and capacity of the defendant, who was sued as "administrator with the will annexed of William E. Newell, late of said Pawtucket; deceased," under the provisions of rule 18, of the Superior Court, which reads as follows: "18.   The signature of any party to an instrument in writing, where such instrument is counted upon as the cause or basis of the action, need not be proved to sustain the action unless a notice to prove the same accompany the plea, or unless, upon motion and for cause shown before the cause is called for trial, it be otherwise ordered.

"A like notice shall be given to plaintiffs, suing as a corporation or as copartners, to put them upon proof of their incorporation or copartnership, or of their representative capacity, when suing as executors, administrators, or trustees; and also to put them upon proof of the character, capacity, or condition of parties defendant, as set forth in the declaration, unless issue upon the same be made by special plea."

This rule, with others, was adopted by the Superior Court, with the approval of the Supreme Court, on the seventeenth day of July, 1905, under the provisions of C. P. A., § 34, which reads as follows: "Each of said courts, by a majority of its members, may from time to time make and promulgate rules for regulating practice and conducting business therein, in matters not expressly provided for by law.   The rules of the superior court shall be subject to the approval of the supreme court."   This provision of statute was re-enacted in Gen. Laws, 1909, chap. 274, § 7, in the same terms.   Similar power to make rules of practice was conferred by statute upon the Supreme Court prior to the creation of the Superior Court in 1905 (See Gen. Laws. 1896, p. 758; Pub. Stat. 1882, p. 505; Gen. Stat. 1872, p. 404).   And a rule embodying the same provisions was adopted by the Supreme Court on the fourth Monday of March, 1886 (See 15 R. I. p. 631, rule 25; pp. 636, 637), and has been in force ever since; and we are not aware that any

question as to the validity of any portion of the rule has heretofore been raised.

At the close of the plaintiff's evidence, the defendant's counsel moved for the direction of a verdict for the defendant, on the ground that the plaintiff had not proved the appointment of the defendant White as administrator with the will annexed of the estate of William E. Newell, deceased. The court ruled that the plaintiff was not required to make such proof, under the rule above quoted, no notice to prove the same having been given by the defendant. The defendant's counsel excepted to this ruling, and urges in argument, in support of this exception, that rule 18, quoted above, is invalid in so far as it relieved the plaintiff of the necessity of offering evidence to prove the capacity in which the defendant was sued, and further urges that the Superior Court, by its ruling sustaining the rule, has deprived the defendant of his legal right to have the plaintiff's case fully proved before verdict shall be directed in favor of the plaintiff.

The exception is wholly frivolous and untenable, and arises from an entire misapprehension, on the part of defendant's counsel, of the nature of the rule, and of the law governing pleading in such a case. In the absence of any such rule, when suit was brought against an executor or administrator in such capacity, if the defendant intended to deny his being such, he must plead such denial specially, under all the ancient precedents; for unless specially pleaded, his representative character was deemed to be admitted. The special plea of *ne unques executor*, or *ne unques* administrator, was a well-recognized plea in all of the ancient precedents. See 1 Chitty Pl. *489; 3 Chitty Pl. *941, *942 (and notes, 15th Am. ed.); Story's Pldgs. 40. The modern precedents are to the same effect. "In an action against a personal representative, as such, the plaintiff is not required to prove the defendant's representative character, unless it is denied by a plea of *ne unques executor* or *administrator*. A plea by the defendant which involves only a denial of the plaintiff's cause of action, is an admission by the defendant of the character in which he is sued." 8 Ency.

Pl. & Pr. 685; and see cas. cit. note 2, which fully support the text.

The case was tried upon the general issue, no special plea of any kind having been filed; consequently, in accordance with the above authorities, even in the absence of any rule upon this subject, the defendant must be deemed to have admitted his representative capacity, and the defendant's motion for direction of a verdict in his favor was rightly denied.

The rule in question takes away no rights of the defendant, but is, in reality, a favor to the defendant. It permits him by mere notice in writing, accompanying his plea, to put the plaintiff upon proof of the defendant's representative capacity, and relieves him of the necessity of filing a special plea, while it does not deprive him of the privilege of filing a special plea, if he sees fit to do so, The rule, both in the part here particularly under consideration, and in its other provisions, is merely intended to save time and expense both for the court and for the parties, by dispensing with proof of matters as to which there is and can be no honest dispute, and as to which the parties can not truthfully raise a question.

Rules dispensing with the introduction of evidence on points not disputed by the parties have been frequently sustained as reasonable. In *Blair* v. *Ford China Company,* 26 Pa. Super. Ct. 374, it was held that courts have power to enact rules that items of account and averments in settlement of claims not denied by affidavit shall be taken as admitted. In *Helffrich* v. *Greenberg,* 206 Pa. 516, it was held that a rule requiring executors, administrators, etc., to file affidavits of defence was valid. In *Hogg* v. *Charlton,* 25 Pa. St. 200, it was held that, independent of statute, courts may by rule require an affidavit of defence. See also *Standard Underground Cable Company* v. *Johnstown Tele. Co.,* 26 Pa. Super. Ct. 432; *Fox* v. *Conway Fire Ins. Co.,* 53 Me. 107; 11 Cyc. 741, note 36.

In *Odenheimer* v. *Stokes,* 5 Watts & Serg. 175, it was held that a rule, requiring the defendant to deny by affidavit the execution of an instrument on which suit is brought, or to deny the partnership by affidavit in a suit against a partner,

in order to put the plaintiff to proof, is valid. The court says, p. 177: "The distinction between a rule of court which tends to alter the law of evidence, and one which is established merely for the regulation of practice, is strikingly illustrated in the two cases on this subject decided in the Supreme Court of the United States. In *Doe* v. *Winn* (5 Pet. S. C. Rep. 233), it was held that the Circuit Court could not by rule of court change the right of a party to introduce secondary proof of a writing alleged to be lost; and therefore a rule requiring the oath of the party, in addition to the usual proof, was invalid. But in *Mills* v. *The Bank of the United States* (11 Wheat. 431), it was determined that the court might make a rule dispensing with proof of a bond, note, etc., unless the defendant filed with his plea an affidavit denying the execution of the instrument; and that is the case now before us. The reasons given for this decision by Mr. Justice Story are satisfactory and conclusive. The object of such rule is to prevent unnecessary expense, and useless delays or objections, often frivolous. It does not interfere with the rules of evidence. It does not take away the right to demand proof of execution, but only requires the party to give notice by affidavit that he means to contest the fact. Not doing so is a waiver of objection.

"It was decided in that case to fall within the power to regulate the practice for the advancement of justice, and especially, to that end, to prevent delays in the proceedings. Under the same general power given to the courts by Act of Assembly, it was held by this court, in *Vanatta* v. *Anderson* (3 Binn. 416), a case warmly contested, that the court might require of the defendant an affidavit of defence, and direct judgment to be entered if it were not filed within sufficient time. It appears to me that the power exercised in the present case by no means goes as far as that exercised in *Vanatta* v. *Anderson*."

(2) The defendant's counsel raises the further point that the court below erred in directing a verdict for the plaintiff because there was a variance between the declaration and the proof, in that the declaration averred that the plaintiff, after the death

of William E. Newell, "presented said note and his claim there-
on to the defendant," etc., while the proof showed that the
claim was filed in the office of the clerk of the Probate Court.
The law required that the claim be filed in the office of the clerk
of the Probate Court, within a certain time, as a preliminary
step to the allowance of the claim, or to suit thereon in case
of its disallowance (C. P. A. § 883 *et seq.*)  The declaration
was plainly demurrable, and if the defendant had demurred,
it would have been in the discretion of the court to have allowed
the plaintiff to amend, under the provisions of Gen. Laws, chap.
285, § 4, which reads as follows, in part: "and the court
may at any time permit either of the parties to amend any
defect in the process or pleadings, with or without terms, in
the discretion of the court, or in pursuance of general rules."
And see *Hebert* v. *Handy*, 28 R. I. 317, 318; *Taylor* v. *Superior
Court*, 30 R. I. 560, 569.

The defendant did not demur; nor did he object to the evi-
dence offered by the plaintiff to show that the claim was in
fact filed in the office of the clerk of the Probate Court accord-
ing to law; if he had raised the point at any time during the
trial, the plaintiff would, undoubtedly, have been allowed to
amend.  Inasmuch as the plaintiff did prove proper presenta-
tion of the claim according to law, no such point is now open to
the defendant upon their exceptions.

The defendant's exceptions are therefore overruled, and the
case is remitted to the Superior Court with direction to enter
judgment upon the verdict for the plaintiff.

*Littlefield and Barrows*, for plaintiff.
*Bassett and Raymond*, for defendant.
*R. W. Richmond*, of counsel.