The opinion of the Court was delivered by
Duncan J.
'The defendants in error, or rather the respondents, have made a preliminary question, the decision of which, renders it unnecessary to give any opinion on the reasons assigned for quashing the proceedings. The objection is founded on a rule of Court of this Judicial District. [His Honour here read the rules.] If the authority of the Court was competent to make such rule, and if it embraces this case, we will not disturb the judgment of affirmance. Every Court of record has an inherent power to make rules for the transaction of its business, provided they are not contradictory to the laws of the land. Without this power it would be impossible for Courts of justice to dispatch the public bu *339 siness. Delays would be interminable, and delay not unfrequently is the object of one of the parties. Every Court, therefore, must have stated rules to go by, and they are the properest judges of their own rules of practice. A direct and palpable violation of them will rarely occur ; if it does, it is the subject of revision in this Court. It is no infraction of the rights of any man, to require him to assign the grounds of his objection to the proceedings from which he has appealed ; and to refuse to the man a revision of these proceedings, who neglects to do so within a reasonable time, previously prescribed and made known to him, is neither hardship nor injustice. All who are conversant in the Courts of Common Pleas, will acknowledge, that it would be impracticable to decide on the numerous certiorari’s with which the dockets are loaded, without adopting some such rule as this. It is not peculiar to this District, for in many of the other Districts a correspondent regulation prevails, and if it does not in all, it certainly should in all; for I have witnessed scenes, not very reputable to the administration of justice, where a whole day of the Court has been wasted in a squabble in a two penny matter, to find out what the exceptions were. The Court are not to take up a list of fifty or a hundred certiorari’s, and wait the leisure and the pleasure of a party, and stop until a long striug of exceptions are made out at the bar, nor give time to the counsel to meditate and shape them on their arrival in Court, and in the meantime the Court to remain unemployed, until the errors are hunted up, on the inspection of a long and confused, and sometimes not very intelligible return of the justices, to the great inconvenience and injury of suitors, who are anxiously waiting their turn. The slowness of proceedings of Courts of justice, is frequently complained of, sometimes perhaps unreasonably ; but if this course were to be allowed, they would be dilatory beyond all endurance. For if there were no time limited, — no order prescribed by the Court, the discussion of a certiorari would be endless ; for while Courts, after they are met, were considering one set of exceptions, and about to give their judgments on them, the counsel would be employed in making up another and another batch. The Courts of Common Pleas must be entrusted with a discretionary power in- enforcing the rule. There may be cases, where the delay could be fairly accounted for* *340 by accidents or reasons applied to the discretion of the Court. We cannoC inquire whether such existed in the present case ; for if the Court had power to make the rule, they are responsible for its exercise. The most plausible objection to this rule is, that it deprives this Court of their supervisory power, which only can be taken away by positive law. This argument at first struck me very forcibly; but on reflection, it is not so. The party has his choice of jurisdictions : He may remove by certiorari into this Court per saltern, or he may elect the Court of Common'Pleas. If he prefers their jurisdiction, he knows its rules, and is bound by them. The whole course of interlocutory proceeding, unless where regulated by statutory provisions, is the proper subject of regulation by rules of practice, which rules are the law of the Court; — time of filing declarations, pleas, entering appeals, writs in error, assigning errors* filing exceptions' to justices’ proceedings returned on certiorari. These principles are fully settled in this Court, in Barry v. Randolph, 3 Binn. 277, and Vanatta v. Anderson, Ib. 417; and this direct matter decided in Dubosq v. Guardians of the Poor. The same doctrine obtains in the, English Courts, where it was decided that the Sessions may dismiss an appeal for want of ' such notice as the- practice required; and the Court said, that they were the proper, judges of a point of practice at the Sessions.
The argument would be more specious, that the rule did not embrace a judgment rendered by one justice, than to contend that it does not include a judgment rendered by two; for the words are “ certioraris to remove the judgments of justices;” and it might be as well contended, that one judgment was not within the words of the rule, which are judgments, and therefore there must be two judgments to entitle a party to a certiorari. This hypercriticism would defeat the rule. It signifies every judgment of every justice. It is contended, that, if within the words, it is not within the meaning and spirit of the rule, for that the mischief arose from the number of certioraris issued, to one justice exercising his ordinary jurisdiction in the recovery of debts not exceeding one hundred'dollars, not to this extraordinary one by two justices, a thing of rare occurrence. Where the words of a law are general, or a rule of Court, *341 which is a law to the Court, in its general terms includes the subject, it would be an unsound construction, to confine it to the most numerous class to which it might relate, and exclude all others ; and it would neither be just nor courteous to the Court of Common Pleas, to say, they did not know what they intended by their own rule ; and though the words do include it, and they say they did intend it, for this Court to say, they did not, would be a violation of all decorum. They are declared to be the most proper judges of their own rules, and to impute to them a latent intention, where they disclaim it, and where there is no obscurity in the language they have used, would be for this Court not to interpret the rule as the Court thought proper to make it, but to make a new rule.
It is urged, that the rule was complied with, the particular exceptions filed, because they are manifest on the return of the justices. Every exception must appear on the proceedings. The Court to which the return is made, does not examine the facts returned, nor go into extraneous matter. It is not an appeal, in which the proceedings are de novo. And the rule would be a dead letter, if it were an answer, that the objections appear on the return; and therefore particular exceptions were filed.
The proceedings are therefore affirmed.
Proceedings affirmed.