## CITY OF WILKES-BARRE v. ISAAC B. FELTS.

134     529
26 SC 435:

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY.

Argued April 16, 1890—Decided May 5, 1890.

A rule of the Court of Common Pleas providing that "In all actions of
scire facias . . . . judgment by default may be taken . . . . after the
return day, if the defendant shall have neglected to file an affidavit of
defence on or before the return day or within fifteen days after the ser-
vice of the writ," is applicable properly to an action of scire facias upon
a municipal lien for paving, etc.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MC-
COLLUM, JJ.

No. 344 January Term 1890, Sup. Ct.; court below, No. 79
February Term 1889, C. P.

On January 19, 1889, a scire facias was issued against A.
Ricketts upon a municipal claim for lien, filed on March 19,
1888, by the city of Wilkes-Barre against a lot of ground on
Northampton street, and A. Ricketts, the reputed owner. The
writ was returned served, on February 2, 1889. On Febru-
ary 20, 1889, S. B. Sturdevant, trustee, Charles Streater and W.
P. Ryman were added as defendants, and on the same day, upon
the præcipe of plaintiff's attorney, judgment was entered
(amount not shown) in default of an affidavit of defence.

On March 18, 1889, upon the petition of A. Ricketts, ac-
companied by an affidavit of Isaac B. Felts, averring the facts
appearing in the opinion of the court below, a rule was granted
to show cause why the judgment should not be opened and set
aside.

The rule having been argued, on February 3, 1889, the
court, RICE, P. J., filed the following opinion :

On January 19, 1889, a scire facias issued against the above
named defendant (Agib Ricketts), to recover the amount of a
municipal lien filed against certain land of which he was de
scribed as the owner, for the cost of work done and materials

Opinion of Court below.

furnished in laying a pavement upon the street in front of the premises, and a penalty of ten per cent. The writ was returnable on February 11th, and was served personally on February 2d. The defendant entered his personal appearance but filed no affidavit of defence, and on February 20th the plaintiff entered judgment. On the same day a writ of levari facias issued and the property was advertised for sale. On March 18, 1889, this rule was granted upon the allegations, first, that the judgment was not authorized by any law or rule of court; second, that the defendant had sold all his interest in the land before the commencement of these proceedings. At the same time, Mr. Felts filed an affidavit in which he averred that he was informed and believed that he had "a just and complete defence to the whole of the claim of the plaintiff in this matter," without stating the nature and character of the same, and expressed a willingness to be substituted in the place of the defendant named in the writ, provided he could have a reasonable time to present his defence.

A reasonable time has elapsed since the granting of this rule, and as Mr. Felts has not seen fit to show by depositions or otherwise the nature and character of his defence, we are of opinion that he has no equitable right to have the judgment opened against the plaintiff's protest. Of course, we do not mean to imply that he will be concluded by the judgment. That is a question which does not now arise: See Pardee v. Green, 2 Kulp 432; Honeywell v. McGuire, 5 Kulp 485, and cases cited. Taking this view of the case, we shall confine our attention to the question whether there was any legal warrant for entering a judgment for want of an affidavit of defence.

The charter of the city of Wilkes-Barre kept in force certain special acts relating to the borough: § 10, act of May 4, 1871, P. L. 539. Amongst these was the act of April 5, 1867, P. L. 841, which conferred upon the municipal authorities power to grade, pave or macadamize any street, to assess the cost and expenses thereon upon the lots fronting thereon pro rata according to frontage, to file a municipal lien for the same, together with twenty per cent additional, upon the owner's neglect or refusal to pay within sixty days, and to collect the same in the mode prescribed by the local act of March 25, 1865, P. L. 725. The last mentioned act provides that "the

collection of such liens may be enforced by a writ or writs of scire facias and subsequent writ or writs of levari facias, in the form and manner prescribed and in use under existing acts of assembly relative to the liens of mechanics and material-men."

The acts relating to mechanics' liens, so far as applicable to this county, do not expressly authorize a judgment for want of an affidavit of defence; our former rule of court, relating to scire facias on mechanics' liens, was not broad enough to include such a claim as this: Yates v. Meadville Bor., 56 Pa. 21; the act of May 24, 1887, P. L. 204 relating to cities, is wholly unconstitutional: Ayars' App., 122 Pa. 266; and the Procedure Act of May 25, 1887, P. L. 271, does not cover the case. Therefore, the validity of the judgment depends upon the true construction and validity of our present rule of court which reads as follows:

" In all actions of scire facias a mere reference in the præcipe to the record, with the date of recording, in case of a mortgage, shall be sufficient without statement or copy; and in the said actions, judgment by default may be taken as aforesaid after the return day, if the defendant shall have neglected to file an affidavit of defence on or before the return day, or within fifteen days after the service of the writ."

This rule was made on October 18, 1887, and is not a mere supplement to, but a complete substitute for the former rule, which was wholly abolished. In terms, it included all cases of scire facias, and specifies none. To declare that it includes only such cases as were specifically mentioned in the former rule, would be to amend the rule and not to construe it; we therefore hold that it includes a scire facias on a municipal lien.

The powers given to the Courts of Common Pleas by the act of 1836, to make such rules, as, in their discretion, they shall judge necessary or proper, for regulating their practice and for expediting the determination of suits, causes and proceedings therein, is ample. Apart from this act, the power to make rules is inherent in every court of record. This power and the constitutionality of acts of assembly and rules of court requiring the affidavit of defence, have been so fully vindicated that it would be presumptuous for us to attempt to add anything beyond a citation of a few pertinent cases, in which

Arguments.

judgments taken under rules of court and not by virtue of any express act of assembly have been sustained.   Scire facias sur judgment: Umberger v. Zearing, 8 S. & R. 163 ; debt on recognizance in Orphans' Court: Slocum v. Slocum, 8 W. 367 ; debt on foreign judgment: Hogg v. Charlton, 25 Pa. 200 ; debt in Quarter Sessions on forfeited recognizance : Harres v. Commonwealth, 35 Pa. 416 ; scire facias sur mechanics' lien: Russell v. Archer, 76 Pa. 473 ; debt on guardian's bond: Commonwealth v. Gracey, 96 Pa. 70 ; scire facias sur municipal lien for paving: Charlton v. Allegheny City, 1 Gr. 208.

Upon the question of the constitutionality of affidavit of defence rules in general, we refer to Vanatta v. Anderson, 3 Binn. 417 ; Umberger v. Zearing, supra ; Hoffman v. Locke, 19 Pa. 57 ; Lord v. Ocean Bank, 20 Pa. 384 ; Taggart v. Fox, 1 Gr. 190 ; Lawrance v. Borm, 86 Pa. 225.   Mr. Brightly cites Yates v. Meadville Bor., 56 Pa. 21, as deciding that an affidavit of defence is not required where a penalty is demanded for nonpayment of a municipal lien.   An examination of the decision shows that the point decided was, that the rule of court under which the judgment was taken did not cover the case, not that the court had not power to make a rule that could.

After a careful examination of the cases cited and many others that might be cited, we are unable to discover any authority, or good reason, for holding that a scire facias upon a municipal lien is excepted out of the general power of the court to make affidavit of defence rules.

The rule is discharged.

—Thereupon, Mr. Felts was substituted as a defendant by consent, and took this appeal, specifying that the court erred:

1. In sustaining and adopting the judgment entered in this case as the judgment of the court.

2. In refusing to open and set aside said judgment, and discharging the rule obtained for that purpose.

*Mr. A. Ricketts*, for the appellant.

Counsel cited: Yates v. Meadville Bor., 56 Pa. 21 ; Knapp v. Oil Co., 53 Pa. 185.

*Mr. William S. McLean*, for the appellee, was not heard.

In the brief filed, counsel cited : Ellmaker v. Insurance Co..

5 Pa. 189; Dailey v. Green, 15 Pa. 128; Brennan's Est., 65 Pa. 18; Gannon v. Fritz, 79 Pa. 307; Yates v. Meadville Bor., 56 Pa. 21; Charlton v. Allegheny City, 1 Gr. 208; Lawrance v. Borm, 86 Pa. 226.

PER CURIAM:

This was an appeal by the defendant from the refusal of the court below to open and set aside a judgment entered against him for want of an affidavit of defence. The action was a scire facias sur municipal lien. It was alleged that the judgment was not authorized by any law or rule of court; that an affidavit of defence is not required in a case of this description. The learned judge below, however, cites their rule of court in his opinion, which we think is broad enough to include this form of action. We are not disposed to criticise the view taken by the court of its own rules. There was ample opportunity afforded the defendant to put in his defence if he had any; and, as he has not made such affidavit, we may fairly infer that he has no legal defence to the claim of the city.

Judgment affirmed.