## Medary *v.* Cathers, Appellant.

161    87
26 SC ¹435

*Rules of court—Proof of written instrument—Evidence.*

It is competent for a court to make a rule allowing a written instrument on which suit is brought to be admitted in evidence without proof of execution, when the execution has not been denied, or notice given that such proof would be required.

*Appeal—Nonsuit.*

No appeal lies from an order of the court of common pleas refusing to enter a compulsory nonsuit.

*Evidence—Parol evidence to vary written instrument.*

In an action against a surety in a lease it is not improper to refuse to allow defendant to testify to a statement made by her when the lease was signed, when the mere purpose of the offer is to introduce a statement made by defendant to one not the agent of plaintiff, and never communicated to plaintiff.

*Landlord and tenant—Principal and surety.*

The mere fact that the landlord occupied part of the demised premises for a portion of the year with the consent of the tenant, no change having been made in the contract, does not release the surety.

Argued Feb. 1, 1894. Appeal, No. 435, Jan. T., 1893, by defendant, Sarah Ann Cathers, from judgment of C. P. Montgomery Co., Oct. T., 1891, No. 178, on verdict for plaintiff, Sarah C. Medary. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Appeal from justice of peace. Assumpsit against surety for rent. Before SWARTZ, P. J.

At the trial, it appeared that in February, 1890, plaintiff

leased a farm to George W. Beans. Defendant became a surety for the tenant. Default having been made in payment of the rent and an attempt to collect it from the tenant having failed, suit was brought against the surety.

Defendant objected to the admission of the lease in evidence, because plaintiff stated that she did not see defendant write her name. [1]

A rule of court provided that such an instrument might be admitted in evidence without proof of execution, if no notice were given that such proof would be required. No notice was given in this case. The lease was admitted.

Defendant testified as follows : " I am the defendant in this suit. Q. Under what circumstances did you sign this lease as surety ? " Objected to. Mr. Long : My offer is to show that Mrs. George W. Beans came to her and asked her to become security on this lease, and said that Mrs. Medary was to give up entire possession and move with her daughter to New Jersey, and that Mrs. Cathers then said, " I will go security, but Mrs. Medary must give up full possession." The Court : The offer does not propose to show it was by fraud, accident or mistake that this was left out of the lease, or that this arrangement which may have been had with Mrs. Beans was communicated to Mrs. Medary. Objection sustained. Defendant excepted and bill sealed. [3]

When G. W. Beans, defendant's witness, was on the stand he was asked : " Were there any other losses ? " The Court : Objection sustained ; unless the witness can show that the value of the premises as tenanted was diminished by reason of a failure to make repairs that were stipulated in the agreement, he cannot recover damages. He can only recover damages for a failure to repair according to the terms of his lease. Defendant excepted and bill sealed. [4]

There was evidence that plaintiff occupied some rooms in the house on the farm with the consent of the tenant.

The court charged in part as follows :

" [If Sarah C. Medary, the landlord, refused to give possession, then she did not carry out her part of the contract, and although he may have been willing to waive it, yet unless the defendant waived it there can be no recovery in this case.] [5] . . . .

" [If, however, you find there was a change of the contract,

or if you find the owner of this farm refused or failed to give up possession when she was requested to do so, in either of those events there can be no recovery in this case.   But if she was simply there occupying some rooms with the knowledge and consent and approval of the tenant, then that would not destroy this lease nor did it relieve the surety in this case from liability." [6]

Plaintiff's points were among others as follows:

" 1. That under the law where there is no express agreement or stipulation in the lease to the contrary, the tenant and not the landlord is bound to do and pay for all necessary repairs, and in this case if the pig pen and barn needed repairing during Beans's tenancy, it was Beans's duty and not Mrs. Medary's duty to put them in good repair.   *Answer:* This is affirmed with this modification, that instead of saying that it is the duty of the tenant, in the absence of any stipulation to the contrary, to make necessary repairs, I would say ordinary repairs; and then it is not necessary that the tenant should put the premises in better condition than he finds them.   He is only to make ordinary repairs, but so far as the barn and the pig pen are concerned I say to you that there is nothing before you which would justify you in deducting anything from the rent by reason of the defective roof or by reason of having the pig pen in an improper condition." [7]

" 2. That if Beans consented to Mrs. Medary's remaining on the premises in April and May, her remaining there is no bar to recovery in this suit.   *Answer:* This is true, as I have already instructed you.   If she remained there with his consent this fact would not prevent a recovery in this case, although, as I instructed you, it may reduce the claim in this case." [8]

" 3. That the evidence in this suit shows that Beans did consent to Mrs. Medary's remaining on the premises until the time she left.   *Answer:* This is a matter for you, although I must say to you that there is no testimony in this case that he requested her to go or demanded her to go.   But I cannot say that he either said that she should go or should not go, but she was there, and so far as this testimony goes there is no evidence that he requested her to go or that he demanded of her that she should vacate those rooms.   Therefore I leave to the jury the question whether the evidence in this suit shows that Beans

did consent to Mrs. Medary's remaining on the premises until the time she left. I leave that matter to you." [9]

Defendant's points were among others as follows :

" 1. If after the execution of the lease an arrangement was made between the plaintiff and the tenant, George W. Beans, and not communicated to the surety, Mrs. Cathers, by which the plaintiff retained possession of the premises, it will operate as a discharge of the surety and the verdict must be in favor of the defendant. *Answer :* This is true. Where there is a change of the contract without the consent of the surety, the surety is released ; but the mere fact that the tenant allowed or agreed or consented to the remaining of Mrs. Medary for two months in this house and her occupying part of the rooms, would not constitute such a change or alteration in the contract as to relieve the surety." [10]

" 2. The evidence being that plaintiff retained such possession of the premises without the consent of defendant, and the lease being for the possession of all the premises therein described, the defendant as surety is not liable and the verdict must be in her favor. *Answer :* This is refused, because this requests me to instruct you to render a verdict for the defendant. I cannot do this." [11]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 3, 4) rulings on evidence, quoting bills of exceptions ; (2) refusal to enter nonsuit ; (5–11) above instructions, quoting them.

*George N. Corson,* for appellant.

*Isaac Chism,* for appellee, cited : Neiss v. Foster, 64 Pa. 495 ; Gilmore v. R. R., 104 Pa. 275 ; Readdy v. Shamokin Borough, 137 Pa. 92 ; Reese v. Reese, 90 Pa. 89 ; McGovern v. Hoesbach, 53 Pa. 176 ; Scranton v. Barnes, 147 Pa. 461 ; Easton Borough v. Neff, 102 Pa. 474 ; Johnston v. Patterson, 114 Pa. 398 ; Lane's Ap., 112 Pa. 499 ; Rothermal v. Hughes, 134 Pa. 510 ; Moore v. Weber, 71 Pa. 429 ; Wheeler v. Crawford, 86 Pa. 327 ; Shackamaxon Bank v. Yard, 150 Pa. 351.

OPINION BY MR. JUSTICE FELL, April 9, 1894 :

This case is of interest only to the parties to it. To the pro-

fessional mind it involves no question that was not supposed to have been finally set at rest. The defendant was sued on a contract of suretyship, and at the trial took advantage of every ground of defence that was open for her principal on the merits, and of every technical objection that could be interposed by a surety. In this she was given the fullest opportunity, and she succeeded only in showing what has been so well established by experience, that the position of a surety is not a desirable one when the day of settlement comes.

To sustain the first assignment of error we should be required to hold that it is incompetent for a court to make a rule allowing a written instrument on which suit is brought to be admitted in evidence without proof of execution, when the execution has not been denied, or notice given that such proof would be required, and thus overrule Reese v. Reese, 90 Pa. 89, and McGovern v. Hoesbach, 53 Pa. 176. The sustaining of the second assignment would overrule the decisions in Scranton City v. Barnes, 147 Pa. 461, and Borough of Easton v. Neff, 102 Pa. 474, and the line of cases to which these belong, and establish a new rule that an exception can be taken to the refusal of a court to enter a compulsory nonsuit.

The third assignment is to the refusal to allow the defendant to testify to a statement made by her when the lease was signed. This testimony was intended to vary the written instrument. No ground was laid for its introduction, no representation had been made by any one to induce her to sign, and the purpose of the offer was to introduce a statement made by the defendant to one not the agent of the plaintiff, and never communicated to her. There would be little left of either principle or decision upon the subjects involved if this specification of error were sustained. The remaining assignments are equally without merit.

There was no implied obligation on the owner to make ordinary repairs, and the fact that she occupied part of the premises for a portion of the year with the consent of the tenant, no change having been made in the contract, did not release the surety. The points were properly answered, and the jury carefully and accurately instructed in a charge to which no fair objection can be made by the defendant.

The judgment is affirmed.