## Standard Underground Cable Company *v.* Johnstown Telephone Company.

*Practice, C. P.—Rules of court—Acts of June* 16, 1836, *sec.* 21, *P. L.* 784 *and May* 25 1887, *sec.* 6, *P. L.* 271.

Under the Act of June 16, 1836, P. L., 784 sec. 21, and the Act of May 25, 1887, sec. 6, P. L., 271, which provides as to the action of assumpsit that, unless the defendant shall file a sufficient affidavit of defense within fifteen days after notice that a statement has been filed, the plaintiff may move for judgment for want thereof, the court of common pleas may make a rule providing that "the notice shall consist of a copy of the statement with the certificate of the attorney for plaintiff that it is true copy and shall give the date of the filing thereof."

Argued May 3, 1904. Appeal, No. 137, April T., 1904, by plaintiff, from order of C. P. Cambria Co., June T., 1903, No. 363, discharging rule for judgment for want of an affidavit of defense in case of Standard Underground Cable Company v. Johnstown Telephone Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule for judgment for want of an affidavit of defense.

From the record it appeared that on May 12, 1903, suit was begun and plaintiff's statement filed. On June 27, 1903, written notice was given to defendant's counsel that the statement had been filed on May 12. No copy of the statement was

served on defendant or his counsel. On July 14, 1902, a rule was taken for judgment for want of an affidavit of defense.

The following rule of court was adopted in 1895:

"82. In an action of assumpsit, in all cases requiring an affidavit of defense by these rules, the plaintiff shall be entitled to take judgment after the return day of the writ for want of an affidavit of defense, if the defendant has been served with a copy of the statement at least fifteen days before the return day; or, if a copy of the statement has not been so served, then judgment may be taken in absence of the affidavit, after fifteen days' notice to the defendant or his attorney of record that the statement is filed; which notice shall consist of a copy of the statement, with certificate of the attorney for plaintiff that it is a true copy, and shall give the date of the filing thereof.

"Judgment under this rule shall be taken after the return day of the writ, on motion entered in the rule book, or on precipe to the prothonotary at any time after the defendant is in default in filing an affidavit of defense."

The court discharged the rule for judgment.

*Error assigned* was the order of the court.

*H. W. Storey*, with him *Dalzell, Scott & Gordon*, for appellant.—Where a rule of court is inconsistent with an act of assembly the rule must fall. It is an absolute nullity: Palethorp v. Palethorp, 184 Pa. 585; Traction Co. v. R. R. Co., 180 Pa. 432. The rule must not controverse the law of the land: DuBois v. Turner, 4 Yeates, 361; Barry v. Randolph, 3 Binn. 277; Vanatta v. Anderson, 3 Binn. 417; Boas v. Nagle, 3 S. & R. 250; Snyder v. Bauchman, 8 S. & R. 336.

"A court cannot pass a rule which takes away from a party to an action a right positively secured by law:" Main v. Lynch, 54 Md. 658.

"The court cannot, by a rule of practice, alter the laws:" Hinchly v. Machine, 15 N. J. Law 476.

"A rule of court is void so far as it operates to deprive a party of a statutory right:" People v. McCellan, 31 Cal. 101.

"Where a statute gives a positive rule of practice, courts cannot exercise any discretion in the matter:" Stevens v. Ross, 1 Cal. 894.

" A court cannot adopt any rule of practice the effect of which is to render nugatory a rule of law, the benefit of which either party has a right to claim: " Kennedy v. Cunningham, 59 Ky. 538.

In Marlin v. Waters, 127 Pa. 177, Mr. Justice MITCHELL says : " If, however, he chooses to wait till the defendant is in court, as required to be on the return day, then the plaintiff need only file his statement and give notice."

The Practice Act of May 25, 1887, P. L. 271, was intended to promote uniformity in practice throughout the state, and the rules of court in conflict with its provisions are abrogated and rendered null and void by it: Blake v. Penna. R. R. Co., 12 Pa. Dist. Rep. 661.

*W. Horace Rose,* with him *Forest & Percy Allen Rose,* for appellee, cited: Coon v. Catten, 3 Kulp, 37 ; Russell v. Archer, 76 Pa. 473 ; Flisher v. Allen, 141 Pa. 525 ; Barry v. Randolph, 3 Binney, 277.

OPINION BY RICE, P. J., November 21, 1904 :

The last clause of the sixth section of the procedure act of 1887, provides as to the action of assumpsit that, unless the defendant shall file a sufficient affidavit of defense within fifteen days after notice that the statement has been filed, the plaintiff may move for a judgment for want thereof. The rule of court provides that " the notice shall consist of a copy of the statement, with certificate of the attorney for plaintiff that it is a true copy, and shall give the date of the filing thereof." The only question arising upon this appeal is whether the court had power to make the rule.

Section 21 of the Act of June 16, 1836, P. L. 784, reads as follows : " Each of the said courts shall have full power and authority to establish such rules for regulating the practice thereof respectively, and for expediting the determination of suits, causes and proceedings therein, as in their discretion they shall judge necessary or proper : Provided that such rules shall not be inconsistent with the constitution and laws of this commonwealth." This was simply declaratory of the power formerly held to be inherent in all courts of record. " In matters which fall within their jurisdiction," said Chief Justice

TILGHMAN, " the power of the court of common pleas is as full as the power of this court. It is remarkable that many regulations of practice, with respect to bail, dilatory pleas, etc., which were introduced into England by statute have been the objects of rules of court in this country. They have been generally acquiesced in. Should any of them be found inconvenient, it is in the power of the legislature to annul them. But it will rarely happen that a court should persist in keeping a rule in force, after experience of its ill effects." The rule in question was adopted upon the recommendation of the bar of the county, and has been in force for nearly nine years. It was stated upon the argument that one consideration which led to its adoption was that the county seat is thirty-five miles distant from the city wherein the majority of the bar have their offices. In view of the local conditions it cannot be declared void for unreasonableness. Is it in contravention of the statute? Did it operate in this case to deprive the plaintiff of a vested right? The appellant's counsel attacks it upon both of these grounds. But we think neither is tenable. True, the rule requires the plaintiff to do something which he would not be compelled to do if the rule had not been made, but it does not necessarily follow that it is in contravention of law. The same objection might be made to many familiar rules of practice, the validity of which no one has ever disputed, and to many other rules, which have been questioned upon the very grounds urged here, but nevertheless have been declared valid. Amongst these are rules requiring defendants to file affidavits of defense within a certain time in default of which judgment could be taken against them, Vanatta v. Anderson, 3 Binn. 417; Harres v. Commonwealth, 35 Pa. 416; Wilkes-Barre v. Felts, 134 Pa. 529; providing that upon failure of defendant in ejectment to file within a certain time an abstract of title or statement of facts upon which he relies, the plaintiff shall be entitled to such judgment as is warranted by the facts set out in the abstract and statement filed by him, Lehman v. Howley, 95 Pa. 295; allowing an instrument on which suit is brought to be admitted in evidence without proof of its execution, when the execution has not been denied or notice given that proof would be required, Reese v. Reese, 90 Pa. 89; Odenheimer v. Stokes, 5 W. & S. 175; Medary v. Cathers, 161 Pa. 87;

providing that, if a warrant of attorney or written power to enter or confess judgment be above or under twenty years old, the court in term time or a judge in vacation must be moved for leave to enter judgment, which motion must be founded upon an affidavit of due execution and that the money is unpaid and parties living, Coon v. Catten, 3 Kulp, 37 ; see also Vannata v. Anderson, 3 Binn. 417; requiring a party appealing from an award of arbitrators to give notice of the time and place of entering appeal and the name of his surety, Barry v. Randolph, 3 Binn. 277 ; requiring a defendant, within ten days after filing a specification of set-off to notify the plaintiff thereof, Gannon v. Fritz, 79 Pa. 303 ; requiring that a copy of points which the court is requested to charge be furnished to opposite counsel, Haines v. Stauffer, 13 Pa. 541 ; providing that bills of costs for the attendance of witnesses must be filed and a copy thereof served on the opposite party within four days after a continuance or trial, Flisher v. Allen, 141 Pa. 525 ; providing that accounts of executors, etc., shall be published by the register of wills in the paper designated by the court for the publication of legal notices " in addition to the papers now required by law : " McGreevy v. Kulp, 126 Pa. 97.  Other rules have been attacked upon the ground that they abridged a right given by statute, but have been sustained as being reasonable regulations of its exercise.  As examples of this class may be mentioned rules : prescribing the time or times within the term when road petitions shall be presented, etc., Road in Little Britain Twp., 27 Pa. 69; providing that when proceedings for a road have failed, another application for such road shall not be acted on for one year, Towamencin Road, 10 Pa. 195 ; providing that petitions for review must be made before the expiration of the first week of the term succeeding that in which the report of viewers was filed, notwithstanding the provision of the statute is that any person interested shall be entitled to a review upon application therefor " at or before the next term : "  Road in McCandless Twp., 110 Pa. 605.

A rule which would require the plaintiff to do something to obtain judgment for want of an affidavit of defense, which the legislature manifestly intended should not be required of him, or would leave him at liberty to omit something which the

legislature has required, would be in contravention of law and void.   The rule construed in Marlin v. Waters, 127 Pa. 177, belonged to the latter class, because it gave the plaintiff a right to judgment without serving upon the defendant a copy of the statement, or giving him notice that it had been filed. ·The rule before us dispenses with nothing which the act of 1887 requires; if it is invalid it is because it relates to a matter which the legislature intended to place beyond the power of the courts to regulate.   But it is reasonable to suppose that the legislature, in requiring notice to be given, but without declaring whether it shall be oral or written, or prescribing its form or the mode of service, had in view the power of the courts, immemorially exercised, to make reasonable rules regulating such matters.   As we view it, the act evinces no clear intent to deprive them of that power ; it neither expressly nor by clear implication, forbids them to make a reasonable rule prescribing what the notice shall contain, how it shall be served, and how service shall be verified.   As Chief Justice TILGH-MAN said in Vanatta v. Anderson, " it is not very easy to mark the line where the regulation of the practice ends," but we are all of opinion that the court had power to make a rule regulating the practice as to the notice required by the act of 1887, and that the rule adopted is neither unreasonable nor in contravention of law.   It follows that the learned judge specially presiding below was right in refusing judgment for want of an affidavit of defense.   The order might well have been affirmed upon the satisfactory and well considered opinion filed by him.

Appeal dismissed at the appellant's costs without prejudice, etc.