# Reznor Hotel Company's License.

*Liquor law—Rule of court—Additional petitions and remonstrances— Act of May 13, 1887, P. L. 108.*

A rule of court which provides that all additional petitions and remonstrances in liquor cases shall be filed on or before the first day of the term at which the application is to be heard, and gives the parties a

period of three weeks after the original petition is filed within which to circulate and file the additional petitions, deprives neither applicant nor remonstrant of any statutory right, and is not so plainly an abridgment of that right as to justify us in declaring it invalid upon that ground or the ground of unreasonableness.

The refusal of an application for a retail liquor license, after full hearing and consideration of all the matters that the court may consider, because in the opinion of the court it is not necessary for the accommodation of the public and the entertainment of strangers or travelers, does not make the question of necessity res judicata upon the hearing of the application of the same person for the same premises in a subsequent year. The granting or refusal of the license in previous years is not conclusive, and, under some circumstances, it ought to have but little, if any, weight in the determination of the application before the court; but in the exercise of a sound judicial discretion the court may consider it in connection with the other relevant facts established at the hearing or known to the court, particularly if the conditions be unchanged.

The words "due regard" in the Act of May 13, 1887, P. L. 108, means such regard as the circumstances of the case demand, and these circumstances include the knowledge possessed by the court, facts whereof judicial notice should be taken, the testimony of witnesses, and the opportunities of petitioners and remonstrance for knowing the things about which they volunteer information.

The fact that the place is necessary either as a hotel or as an eating house for public accommodation does not necessarily and under all circumstances compel the conclusion that a license to the applicant to sell intoxicating liquors by retail at such place is necessary. In other words, not every place that may be necessary as a hotel or as an eating house for public accommodation is entitled as matter of right to be licensed to sell liquors if the other statutory requirements are complied with.

Argued May 17, 1907. Appeal, No. 201, April T., 1907, by The Reznor Hotel Company, from order of Q. S. Mercer Co., Jan. T., 1907, No. 47, refusing a liquor license. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for a retail liquor license. Before WILLIAMS, P. J. The opinion of the Superior Court states the case.

The court in an opinion refusing the license used the following language :

" A reading of the testimony taken on behalf of the petitioners, a careful consideration of the petitions and remon-

strances filed, and of all the facts and circumstances before the court, and having due regard to the number and character of the petitioners for and against the licenses prayed for, have failed to convince us that such licenses are a matter of public necessity within the meaning of the act of assembly. Much as we were impressed by the earnest and able arguments of the learned counsel for the petitioners, we have been unable to agree with their conclusions. And the most that we can say is that their argument has left our mind in doubt as to the necessity for said licenses, and it therefore becomes our duty to refuse the same."

*Error assigned* was the order of the court.

*Joseph W. Nelson*, with him *J. G. White*, for appellants.

No appearance for appellee.

OPINION BY RICE, P. J., October 7, 1907:

The third section of the Act of May 13, 1887, P. L. 108, regulating the granting of retail liquor licenses, provides that the court " shall fix by rule or standing order a time at which applications for said licenses shall be heard, at which time all persons applying or making objections to applications for licenses may be heard by evidence, petition, remonstrance or counsel," and section seven provides that the court " shall hear petitions from residents of the ward, borough or township, in addition to that of the applicant, in favor of and remonstrance against the application for such license, and in all cases shall refuse the same whenever, in the opinion of the said court having due regard to the number and character of the petitioners for and against such application, such license is not necessary for the accommodation of the public and entertainment of strangers or travelers," etc. It does not appear in the record proper that the court failed to comply with any of these statutory requirements, but it is claimed that it appears by the opinion filed by the court, which is referred to in the final order as containing the reasons for its refusal of the license, that the applicant was deprived of the right to present an additional petition at the hearing and to have the same considered

by the court.    The opinion does not clearly show that the court did not receive nor consider this additional petition, but it may be inferred, perhaps, that the court did not give it the same consideration that it would have given if it had been filed before the hearing as the standing rule of court required.    The statute does not declare when the additional petitions for and against the license shall be filed, nor even that they shall be filed at all. This is a matter of practice, which the court by virtue of its power to make reasonable rules not in contravention of law may regulate in that manner.    True, the rule in question requires something to be done which is not required by the statute, but it does not necessarily follow therefrom that it is in contravention of law.    The same objection might be made to many familiar rules of practice the validity of which no one has ever disputed, and to many other rules which have been questioned on this ground, but, nevertheless, have been declared valid.    See Standard Underground Cable Co. v. Johnstown Telephone Co., 26 Pa. Superior Ct. 432, and the cases therein cited.    A rule of court which provides that all additional petitions and remonstrances shall be filed on or before the first day of the term at which the application is to be heard, and gives the parties a period of three weeks after the original petition is filed within which to circulate and file the additional petitions, deprives neither applicant nor remonstrant of any statutory right, and is not so plainly an abridgment of that right as to justify us in declaring it invalid upon that ground or the ground of unreasonableness.

The refusal of an application for a retail liquor license, after full hearing and consideration of all the matters that the court may consider, because in the opinion of the court it is not necessary for the accommodation of the public and the entertainment of strangers or travelers, does not make the question of necessity res judicata upon the hearing of the application of the same person for the same premises in a subsequent year.    The granting or the refusal of the license in previous years is not conclusive, and, under some circumstances, it ought to have but little, if any, weight in the determination of the application before the court.    But that in the exercise of a sound judicial discretion the court may not consider it in connection with the other relevant facts established at the

hearing or known to the court, particularly if the conditions be unchanged, is an entirely different proposition and one that cannot be sustained. An examination of the opinion fails to show that the court deemed it conclusive or, as stated in the assignments of error, that the license was refused because licenses had been refused by the court in the borough in previous years.

The mandate of the statute is that the court shall have due regard to a number and character of the petitioners for and against the application in determining the question of necessity. The words "having due regard," even if they stood alone, would not clearly imply that the question is to be determined in favor of the side presenting the weightest petition in number and character of signers, and the context shows quite clearly that such was not the legislative intent. The right given by the statute is to be heard by evidence and petition, not simply by evidence or petition, and this right implies a right to have both evidence and petition considered by the court when both are presented. There is one expression in the opinion of the court below which upon a cursory reading might seem to warrant the inference that the court acted upon the theory that when both number and character of the petitioners concur in favor of or against an application for a license the court should, in the absence of positive personal knowledge of material facts, exercise its discretion accordingly. This in our judgment is not the proper view, and in support of this conclusion we need only cite the opinion of Chief Justice Paxson, in Sparrow's Petition, 138 Pa. 116. But the immediate context, as well as the subsequent portions of the opinion filed by the learned judge below in this case, shows that the court did not act upon that theory, but interpreted the words "due regard" to mean such regard as the circumstances of the case demand, and that these circumstances include the knowledge possessed by the court, facts whereof judicial knowledge should be taken, the testimony of witnesses, and the opportunities of petitioners and remonstrants for knowing the things about which they volunteer information. That the court did not act upon the theory that the matter was to be determined upon the petitions alone, without regard to the testimony, is made reason-

ably certain by its conclusion upon the whole case, which is stated in these words : " A reading of the testimony taken on behalf of the petitioners, a careful consideration of the petitions and remonstrances filed, and of all the facts and circumstances before the court, and having due regard to the number and character of the petitioners for and against the licenses prayed for, have failed to convince us that such licenses are a matter of public necessity within the meaning of the Act of Assembly."

It is further claimed that " the court erred in making his admitted doubt the basis of the refusal of the license. " While in the clause of the opinion immediately following the above-quoted conclusion the court intimates that a doubt would be sufficient to make it the duty of the court to refuse the license, the inference to be drawn from the whole opinion is that the burden was on the applicant for the license to show that it was necessary for public accommodation and that this had not been done satisfactorily. This being the condition of mind in which the court was after consideration of all the matters it was authorized to consider, we cannot say that, notwithstanding that, it was an abuse of discretion to refuse to grant the license.

It is argued further that as the court found that all the statutory requirements as to the form and the filing of the petition, as to the fitness of the applicant, and as to the qualifications of the petitioners, were fulfilled, and that the applicant's hotel was necessary for public accommodation, the right to a license necessarily followed. This might have been so under the acts of 1834 and 1859, but in the act of 1867, of which in this particular the act of 1887 is a copy, the words " such license " are substituted for the words " such inn, hotel or tavern " which had appeared in the act of 1859. This change was apparently intentional and it is to be given due consideration in determining what is meant by the words used in the present law. It may be conceded that proof that the applicant's place is necessary for the accommodation of the public and the entertainment of strangers or travelers goes very far to move in a proper way the discretion of the court and to warrant its inference that the license applied for is necessary ; but it must be also conceded that the fact that the place is necessary either as a

hotel or as an eating-house for public accommodation does not necessarily and under all circumstances compel the conclusion that a license to the applicant to sell intoxicating liquors by retail at such place is necessary. In other words, not every place that may be necessary as a hotel or as an eating-house for public accommodation is entitled as matter of right to be licensed to sell liquors if the other statutory requirements are complied with.

In Schlaudecker v. Marshall, 72 Pa. 200, which is the leading case upon the subject, Mr. Justice AGNEW said: "Whether any or all licenses should be granted is a legislative, not a judicial question. Courts sit to administer the law fairly, as it is given to them, and not to make or repeal it. The law of the land has determined that licenses shall exist, and has imposed upon the court the duty of ascertaining the proper instances in which the license shall be granted, and therefore has given it to the court to decide upon each case as it arises in due course of law. The act of deciding is judicial, and not arbitrary or willful. The discretion vested in the court is, therefore, a sound judicial discretion; and to be a rightful judgment it must be exercised in the particular case and upon the facts and circumstances before the court, after they have been heard and duly considered; in other words, to be exercised upon the merits of each case, according to the rule given by the act of assembly. To say that I will grant no license to any one or that I will grant it to every one is not to decide judicially on the merits of the case, but to determine beforehand without a hearing or else to disregard what has been heard; it is to be determined not according to law, but outside of law, and it is not a legal judgment, but the exercise of an arbitrary will."

In the later case of Gross's License, 161 Pa. 344, Mr. Justice DEAN, speaking of the jurisdiction of the Supreme Court in reviewing the orders of the quarter sessions in such matters, stated the following propositions:

"1. The discretion must be exercised in a lawful manner. The applicant hath a right to be heard, and so have objectors. A decree without hearing or opportunity for hearing at a time fixed by rule or standing order as the law directs, would be manifestly illegal, and on certiorari would be set aside.

"2. If the court has in a lawful manner performed the duty

imposed upon it, it is not our business to inquire whether it has made a mistake in its conclusions of fact. Whether the same facts induce in our minds the same belief as in that of the court below, as to the character of the applicant, or other material averments, is wholly immaterial; it is the discretion of the court of quarter sessions, not ours, that the law requires.

" 3. A decree made arbitrarily, or in violation of law, it is our plain duty to set aside. For example, if a judge should refuse a license, because in his opinion the law authorizing licenses is a bad law, or if he should grant all licenses because he believed the law wrong as tending to confer a privilege on a special few, in either case there would be no exercise of judicial discretion; both would be the mere despotic assertion of arbitrary will by one in power, that sort of lawlessness which is least excusable and excites most indignation.

" 4. If the record shows the decree was had after hearing at a time fixed by rule or standing order, the presumption is, the decree is judicial and not arbitrary, and this presumption is not rebutted by an argument from evidence that the court ought to have reached a different conclusion. "

An examination of this case in the light of these well-settled principles has failed to convince us that the court proceeded contrary to law or abused the discretionary power committed to it, and this being so the order must be affirmed.

What has been said with regard to this case applies equally well to the two succeeding cases.

The order is affirmed.