## Mercer's License.

*Liquor laws—Necessity—Hotel.*

A finding by the license court that a place is necessary as a hotel, does not involve that it is necessary as a drinking place, and a refusal to grant a retail liquor license for such a place will not be reversed on appeal.

Argued Oct. 4, 1917. Appeal, No. 166, Oct. T., 1917, by Tevis H. Mercer, from order of Q. S. Chester Co., March Sessions, 1917, refusing liquor license In re Application of Tevis H. Mercer. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for retail liquor license. Before BUTLER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*S. Duffield Mitchell*, with him *John A. Coyle*, for appellant.—The Supreme Court, under the Act of 1867,

squarely ruled that the necessity for the hotel, having been found, the license almost automatically followed: Leister's App., 20 W. N. C. 224; 11 Atl. 387; 10 Cent. Rep. 69. See also In re Lackawanna County License, 5 Pa. C. C. R. 462; Franklin Co. Licenses, 41 Pa. C. C. R. 597; Pollard's Petition, 127 Pa. 507; Prospect Brewing Co.'s Petition, 127 Pa. 523; Cox's License, 60 Pa. Superior Ct. 128.

*George B. Johnson*, for appellees, cited: Meenan's License, 11 Pa. Superior Ct. 579; Hambright's License, 42 Pa. Superior Ct. 498; McCrory's License, 31 Pa. Superior Ct. 192.

OPINION BY TREXLER, J., November 19, 1917:

Although not required so to do, the court below, at the request of the attorney for the petitioner, found certain facts, one of which is: "The evidence establishes the fact that the Octoraro hotel as a hotel is, needed, for the accommodation of the public and the entertainment of strangers or travelers with food and lodging." The court further found "While it is true that the place that would be kept by the petitioner, if licensed, is a hotel that would very materially accommodate the public with food, lodging and other conveniences, and while this fact recommends his application, and would move a court, if an additional liquor license were required, in Oxford, to grant it to him rather than to some other applicant who, if licensed, would conduct a mere drinking place or saloon, still the necessity for the applicant's hotel does not, under the 1887 Liquor License Act, establish that the liquor license he seeks is 'necessary.' We believe this liquor license is not 'necessary,' because we are satisfied that the one license, at the Oxford hotel, is able to, and does, in a reasonably convenient manner, accommodate with drink, all persons living in, and visiting Oxford, who want and use alcoholic liquors." It is claimed that after having found the necessity of the place as a

hotel the court should have granted the license. This court, speaking through RICE, P. J., in Reznor Hotel Company's License, 34 Pa. Superior Ct. 525, decided the very question to the contrary. We quote from the opinion in that case: "The fact that the place is necessary, either as a hotel or as an eating house for public accommodation does not necessarily and under all circumstances compel the conclusion that a license to the applicant to sell intoxicating liquors by retail at such place is necessary. In other words, not every place that may be necessary as a hotel or as an eating house for public accommodation is entitled as matter of right to be licensed to sell liquors if the other statutory requirements are complied with." This was followed by our brother, KEPHART, in Cox's License, 60 Pa. Superior Ct. 128, wherein it is held that it was proper to consider the question of the accommodation that might be furnished to travelers, but that the ability to afford such accommodations furnished only a persuasive reason why the privilege to sell should be granted, but that it was not necessarily controlling. The appellant urges that we should recede from our former position by reason of the decision in Leister's App., 20 W. N. C. 224 (1887), to which no reference was made in the Reznor Case. In Leister's Appeal, the lay judges found that the tavern in question was necessary for the accommodation of the public and the entertainment of travelers, but refused the license. Afterward they filed another opinion giving additional reasons for refusing the license. The Supreme Court, in a per curiam opinion, stated that the first opinion of the lay judges put them in the awkward position of a clear violation of the prescriptions of the act of assembly, but that having asserted other facts upon which the decision was premised their order should be sustained. The decision of the question before the Supreme Court did not require an expression of opinion as to the first action of the lay judges and, therefore, is mere dictum. As was clearly pointed out by Judge

272, (1917).] Opinion of the Court.

RICE in Reznor's License, supra, under the Acts of March 11, 1834, P. L. 119, and April 14, 1859, P. L. 653, the necessity for an "inn, hotel or tavern" being found, the right to the license might necessarily follow, but the Acts of March 22, 1867, P. L. 40, and May 13, 1887, P. L. 108, make the necessity of "the license" the determining factor. The Supreme Court in the opinion in Leister's Appeal, supra, makes no reference to this distinction.

The order of the lower court is affirmed.